[Cite as *Roberts v. Ohio Dept. of Transp.*, 2015-Ohio-4860.]

**IN THE COURT OF CLAIMS OF OHIO**

BRUCE ROBERTS

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

Case No. 2015-00181-AD

Clerk Mark H. Reed

MEMORANDUM DECISION

{¶1} Bruce Roberts (hereinafter "Plaintiff") filed this claim on March 9, 2015 against the Ohio Department of Transportation (hereinafter "ODOT"). In his complaint, the Plaintiff alleged that on February 16, 2015, while he was traveling on SR 78 in Hocking County, he did on two separate incidents run over road reflectors that had been pulled loose from the roadway by an ODOT snowplow that was engaged in snow removal on that day. Plaintiff references a conversation with the ODOT snowplow driver, wherein the driver admits that his acts caused the reflectors to come loose from the roadway. As a result of striking the reflectors, Plaintiff claims he had to replace two of his tires for a total cost of $271.76. Plaintiff provided no insurance information.

{¶2} In an Investigation Report filed by ODOT on May 15, 2015, there is no admission by the agency as to whether or not their snowplow driver dislodged the loose reflectors. Instead, ODOT maintains that as it was not aware of any loose reflectors on this section of SR 78 prior to the date of Plaintiff's accident. The position of ODOT is that there was no negligence on the part of the agency and therefore the agency has no liability for Plaintiff's loss.

{¶3} In claims for road damage, even if the Court accepts the Plaintiff's allegation that the actions of the ODOT snowplow driver caused his loss, it is still required that the

Plaintiff prove that there was some act of negligence on the part of ODOT. It is on this element that Plaintiff's claim fails. There is no evidence that the snowplow driver conducted his work in an unreasonable or otherwise unsafe manner. Rather, it is probable that in carrying out his duties in a workmanlike fashion, the driver dislodged two reflectors that were already loose to begin with. That the reflectors were loose would have been unknown to the Department prior to Plaintiff's accident. Further, it is unlikely that loose reflectors would have been discovered even during routine maintenance operations conducted by ODOT in the time immediately prior to Plaintiff's accident.

{¶4} Under Ohio law (Ohio Revised Code 5501.41), ODOT is given broad authority and responsibility to conduct snow removal operations. Absent proof that this removal was not done in a safe or reasonable manner, the court will not substitute its judgment in replacement of that of the agency charged by law with this activity.

{¶5} Finally, the court notes that the department is not required to be the absolute insurer of motorist's safety while they are traveling on state highways. In dangerous conditions such as that encountered by the plaintiff on February 16, 2015, accidents are often unavoidable. Thus, the plaintiff's accident can be more attributed to the adverse weather conditions that were present on that date and time than to any negligent action on the part of ODOT. For this reason, the claim must fail.

**IN THE COURT OF CLAIMS OF OHIO**

BRUCE ROBERTS

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2015-00181-AD

Clerk Mark H. Reed

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MARK H. REED
Clerk

Entry cc:

Bruce Roberts
13870 Railroad Street
P.O. Box 183
Murray, Ohio 43144

Jerry Wray, Director
Ohio Department of Transportation
1980 West Broad Street
Mail Stop 1500
Columbus, Ohio 43223

Filed 6/12/15
Sent to S.C. Reporter 11/24/15